**UNITED STATES of America,**
**Plaintiff,**

v.

**Vernon Ray REIGER aka Vernon Scott,**
**Defendant.**

**Crim. No. 11252.**

United States District Court
D. Hawaii.

Aug. 15, 1958.

Louis B. Blissard, U. S. Atty., by Sanford J. Langa, Asst. U. S. Atty., Honolulu, Hawaii, for plaintiff.

Patrick F. Tuohy, Honolulu, Hawaii, for defendant.

WIIG, District Judge.

An information charges that the defendant "did unlawfully, knowingly, and wilfully pass tokens which may be intended to be used as money for One-Cent pieces authorized by law, to wit, he did deposit in a parking meter maintained by the City and County of Honolulu * * fiber tokens, thereby causing said meter to register the insertion of * * * lawfully authorized One-Cent pieces, in violation of Section 491 of Title 18, United States Code."

Defendant, pursuant to Rule 12 Federal Rules of Criminal Procedure, moved to dismiss the information for the reason that it fails to state a crime.

The United States Attorney states that the information is based on subdivision (a) of § 491, which provides:

"Whoever, not lawfully authorized, makes, issues, or passes any coin, card, token, or device in metal, or its compounds, which may be intended to be used as money for any 1-cent, 2-cent, 3-cent, or 5-cent piece, authorized by law, or for coins of equal value, shall be" punished.

During argument on the motion, counsel for the government and for the defendant stipulated that one of the offending "tokens" could be received in evidence and considered by the court. It is an unmarked, gray circle of pressed fiber (nonmetallic), minutely larger than a 1-cent piece, both in diameter and thickness, and appears to weigh approximately one-half as much as a 1-cent piece, or less. There is no outward similitude between it and a lawful coin.

As pointed out in United States v. Gellman, D.C.D.Minn.1942, 44 F.Supp. 360, at the time of the enactment of present § 491(a), there probably were no vending machines, and certainly there were no parking meters, pay telephone stations, and other modern receptacles in which the deposit of a lawful coin would bring about a service or product of value to the depositor.

■ Applying the doctrine of *ejusdem generis* to this criminal statute, it is apparent that the words "in metal, or its compounds" qualify the preceding words "coin, card, token, or device," and that it was not the intention of Congress to proscribe the making, issuing, or passing of any such thing unless it was made of metal or a metallic compound.

■ The accused's actions in cheating the parking meters by using fiber tokens is most reprehensible. However, it is the opinion of the court that deterrence of or punishment for this type of activity does not come within § 491(a).

The information fails to state a crime, and is dismissed.

It is so ordered.